## Charles Kraatz et al., Appellees, v. Rinard Workman, Appellant.

### Gen. No. 21,410.   (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. J. J. COOKE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed November 15, 1916. Rehearing denied November 28, 1916. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action of forcible entry and detainer by Charles Kraatz *et al.*, plaintiffs, against Rinard Workman, defendant, in the County Court of Cook county, to recover possession of land. From a judgment for plaintiffs, defendant appeals.

The parties were adjoining landowners, and a fence was built forty or more years before the action was brought, which fence separated the land of the par-

ties. The land sought to be recovered was on plaintiffs' side of the fence, and was about twenty-five feet wide at one end of the fence and ten feet wide at the other. The fence was originally of rails, which about twenty years before the action was brought was removed and a wire fence erected. Plaintiffs cultivated the land to the fence and were in obvious and continuous possession. Defendant, on purchasing his property in 1905, made a survey, in consequence of which he claimed title to the land sought to be recovered, and after notice to plaintiffs that he would remove the fence and re-erect it on what he claimed was the correct line, carried his threat into effect, against the protest of plaintiffs, who ordered defendant to desist. Defendant then took possession of the strip of land in question.

GEORGE McMAHON, for appellant.

THOMAS McENERNY, for appellees.

MR. JUSTICE TAYLOR delivered the opinion of the court.

### Abstract of the Decision.

1. FORCIBLE ENTRY AND DETAINER, § 24*—*when entry under claim of right no defense.* The invasion of land obviously in possession of another against the wish and protest of the owner, and the removal of fences and their re-erection in another place, constitutes a forcible entry and will enable the owner to maintain an action of forcible entry and detainer, although defendant acted under a claim of right to the land.

2. FORCIBLE ENTRY AND DETAINER, § 73*—*what evidence inadmissible as defense.* In actions of forcible entry and detainer, evidence of a paramount title in defendant is incompetent, the action being wholly statutory and involving only possessory rights, so that rights derived from a paramount title can only be claimed in ejectment or other appropriate proceeding.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3. FORCIBLE ENTRY AND DETAINER, § 60*—*when description of premises not materially defective.* In an action of forcible entry and detainer, a description of the premises sought to be recovered as "a strip of land belonging to the east 40 acres taken off the east side of the north fraction of the northwest quarter of section nineteen (19)," *held* not materially defective where it appeared that all parties to the action knew exactly what property was intended to be designated.

4. FORCIBLE ENTRY AND DETAINER, § 108*—*what objection cannot be raised for first time on appeal.* Objection that description of premises is defective cannot be raised for the first time on appeal.